STATE OF OHIO EX REL. ATTY. GEN. V. FRANK GEBERT.

MAYOR AND MEMBER OF CONGRESS NOT INCOMPATIBLE OFFICE.

The offices of mayor and member of congress are not incompatible, and
may be held by the same person.

[Syllabus by the court.]

QUO WARRANTO.

U. G. Denman, Atty. Gen., and .F. T. Eagleson, for plaintiff.

Williams, Williams, Taylor & Nash, for defendant.

DUSTIN. J.

In November, 1907, Carl C. Anderson was elected and qualified as
mayor of the city of Fostoria. Frank Gebert, defendant, was, at the
same time, elected president of the city council of said city.

In November, 1908, said Anderson was also elected a member of
the congress of the United States. He continued to serve as mayor of
Fostoria; but on February 20, 1909, he left Fostoria for Wash-
ington, D. C., where he remained until the filing of the petition herein.
March 16, 1909, he qualified as a member of congress, and entered at
once upon the arduous work of tariff revision. Directly he had quali-
fied as a member of congress, the city council of Fostoria, by resolu-
tion, declared his office as mayor, vacant, and that defendant, Gebert,
had succeeded to it by virtue of Sec. 132 of the Munic. Code of 1902.
Gebert forthwith took oath to faithfully discharge his duties, gave bond,
which was approved, and has since been assuming to act as mayor.

It is agreed "That Carl C. Anderson has not failed, neglected and
refused to perform any of the duties of the office of mayor of the city
of Fostoria, excepting in so far as his absence in the city of Washington,
* * * may be regarded as an implied failure, neglect and refusal;
and that he has not removed from the city of Fostoria, excepting in
so far as his absence in the city of Washington, as aforesaid, may be
regarded as a removal."

The statutes do not cover the case, and it is left to the court to say,
under a quo warranto proceeding against Gebert, whether the common

law holds the offices of mayor and of member of congress to be incompatible.

Offices are considered incompatible when one is subordinate to, or in any way a check upon, the other; or, when it is physically impossible for one person to discharge the duties of both.

The latter element is eliminated from this case, for although Mr. Anderson cannot discharge the duties of mayor while absent in Washington, listening to, or enaging in, the debates of the national congress, the statutes have made provision for temporary absences and furnished a substitute mayor in the president of the city council. (See Sec. 132, Munic. Code of 1902.) And this court will take judicial notice that a member of congress is not always engaged in the work of legislation. Most of his time is spent at home, engaged in correspondence with his ambitious constituents, or "on the stump." His absences, therefore, on congressional duty, are always temporary.

On the other point, however, it is urged by council for defendant that the offices of mayor and member of congress are incompatible, because one is legislative and the other is executive and judicial; and that it is contrary to the spirit of our government to unite the three co-ordinate powers in one person.

This would be quite forcible if the powers were exercised in the same jurisdiction. If, for instance, the mayor should be elected a member of the city council of Fostoria and attempt to discharge the duties of both offices; in that case, he would find himself as mayor in a state of incompatibility with himself as a member of council; he would have a veto power over the legislative acts of a body of which he was a member.

So, if he were a member of the state legislature as well as mayor, he would, as legislator, have the power to vote upon acts regulating his own duties and emoluments as mayor.

These instances come within the common law definition above stated, and the only remedy is a divorce on the old and familiar ground of incompatibility.

But what connection can there be between federal legislation and the official duties of a mayor? None, that we perceive. For, whether as a member of congress, he revises the tariff up or down, he is powerless, as mayor of Fostoria, to enforce it, nullify it, or construe it. Neither is he beholden to congress in any way for his honors or emoluments as mayor.

It has never been doubted in Ohio that the mayors of small cities

State v. Gebert.

and villages could legally exercise their statutory powers in criminal hearings. A mayor is an executive of the city in the enforcement of its ordinances; and a representative of the state, with the judicial powers of a justice of the peace, in respect to crimes and misdemeanors. These duties have not been regarded as incompatible, nor, in our view, are the duties of mayor and member of congress.

Indeed, it may almost be said to be a part of the common law, that an Ohio man may occupy as many offices as he can be elected or appointed to. It is left to his own sense of fitness and propriety as to whether he should ever decline any.

A judgment of ouster may be entered against the defendant.

**Sullivan** and **Allread, JJ.,** concur.